```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

CALTON & ASSOCIATES, INC.,
DWAYNE K. CALTON, individually
and as Trustee of the DWAYNE K.
CALTON TRUST, UTA 3/30/1989,
RANDALL L. CICCATI,
RAMESHWAR SINGH, DEREK J.
CALTON, LORETTA D. CALTON,
GEORGE G. HARRINGTON, JR., and
JILL M. CICCATI,

    Plaintiffs,

v.                                             Case No. 8:20-cv-851-T-33CPT

JOHN SIMMERS, individually and as
Trustee of the SIMMERS FAMILY
TRUST DATED 9/18/92,

    Defendant.

_____/

**ORDER**

This matter is before the Court on consideration of Plaintiffs' Petition for Mandatory Remedies for Defendant's Violation of the Mediation Act (Doc. # 39), filed on September 18, 2020. Defendant John Simmers responded on October 2, 2020 (Doc. # 45). For the reasons detailed below, the Motion is denied.

1

**Discussion**

On April 14, 2020, Plaintiffs CAA, Dwayne K. Calton, both individually and as Trustee of the Dwayne K. Calton Trust, Singh, Derek Calton, Loretta Calton, Harrington, Randall Ciccati, and Jill Ciccati filed this lawsuit seeking a declaratory judgment and injunctive relief against Simmers, individually and as Trustee of the Simmers Family Trust. (Doc. # 1). The parties mediated on September 4, 2020, but reached an impasse. (Doc. # 34).

Two weeks later, Plaintiffs filed the instant Motion, contending that Simmers disclosed confidential settlement communications by sending an email to non-parties Steven Sergio and Nils Ericson that stated: "Yesterday I heard the mediator make reference . . . ."[1] (Doc. # 39 at 2). Ericson is Calton & Associates' Chief Compliance Officer. (Doc. # 39 at 6; Doc. # 45 at 7). Sergio is Simmers' designated supervisor at RMR Wealth Builders — a branch office of Calton & Associates. (Doc. # 45 at 7; Doc. # 45-1 at 7-8). Simmers also carbon copied Plaintiff Randall Ciccati. (Doc. # 39 at 2).

---

[1] At the Court's direction, Plaintiffs have filed the email under seal. (Doc. # 44). The Court has reviewed the email and need not quote the email in its entirety here.

2

Plaintiffs' Motion fails because it improperly seeks to apply Florida Statutes §§ 44.405-44.406 in this Court. (Doc. # 39). These state statutes provide for attorney's fees and other damages as a sanction for disclosing mediation communications. "Generally speaking, where federal court jurisdiction rests on diversity of citizenship, federal courts are required to apply federal procedural law, and state substantive law." Rader v. Sunrise Senior Living Servs., Inc., No. 06-80275-CIV, 2007 WL 9751679, at *2 (S.D. Fla. Mar. 26, 2007), report and recommendation adopted, No. 06-80275-CIV, 2007 WL 9751680 (S.D. Fla. May 3, 2007). "[E]ntitlement to attorney's fees is not always a substantive matter for purposes of Erie." Id. at *3. "Even in diversity cases, federal courts apply federal rules or statutes where attorney's fees are awarded as a sanction, or where the state rule conflicts with a federal rule." Id. The Court determines that Florida Statutes §§ 44.405-44.406 are procedural in nature and, thus, do not apply.

"Federal courts derive their power to sanction any attorney, law firm, or party from three primary sources: Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the inherent power of the court." Stonecreek - AAA, LLC v. Wells Fargo Bank N.A., No. 1:12-CV-23850, 2014 WL 12514900,

3

at *1 (S.D. Fla. May 13, 2014)(citing Chambers v. NASCO, Inc., 501 U.S. 32, 41 (1991)). Here, the Court agrees with Simmers that, if sanctions are warranted, such sanctions would be granted pursuant to the Court's inherent authority.

"Invocation of the Court's inherent power requires a finding of bad faith." Island Stone Int'l Ltd. v. Island Stone India Private Ltd., No. 6:16-cv-656-Orl-40KRS, 2017 WL 1437464, at *11 (M.D. Fla. Apr. 4, 2017), report and recommendation adopted, No. 6:16-cv-656-Orl-40KRS, 2017 WL 1426664 (M.D. Fla. Apr. 21, 2017). "In determining whether sanctions are appropriate under the bad faith standard, the court focuses on the conduct and motive of a party, rather than on the validity of the case." Id. "'[A]cts which degrade the judicial system,' including 'attempts to deprive the Court of jurisdiction, fraud, misleading and lying to the Court,' . . . are sanctioned through the court's inherent power." Stonecreek — AAA, 2014 WL 12514900, at *1 (quoting Chambers, 501 U.S. at 42).

"The Court's inherent power permits a broad spectrum of sanctions that include striking frivolous pleadings and defenses, imposing attorney's fees and costs, and outright dismissal of a lawsuit." Stonecreek – AAA, 2014 WL 12514900, at *2 (citing Allapattah Servs., Inc. v. Exxon Corp., 372 F.

4

Supp. 2d 1344, 1372-73 (S.D. Fla. 2005)). "Because of their very potency, inherent powers must be exercised with restraint and discretion." Chambers, 501 U.S. at 44.

Regarding the mediation privilege, Local Rule 9.07(b) provides, in relevant part, that "[a]ll proceedings of the mediation conference, including statements made by any party, attorney, or other participant, are privileged in all respects." Local Rule 9.07(b), M.D. Fla. And the Court's Case Management and Scheduling Order reiterates that "[a]ll discussion, representations and statements made at the mediation conference are privileged settlement negotiations." (Doc. # 29 at 11).

Here, Simmers violated the Local Rules and this Court's Case Management and Scheduling Order because his September 5 email was sent to two individuals who did not participate in the September 4 mediation conference: non-parties Sergio and Ericson. However, upon review, the Court determines this was a mere technical violation that does not support a finding of bad faith. Simmers' sworn declaration clarifies the reason for his mentioning the mediator's statement in the September 5 email. (Doc. # 45-1). He did not disclose the mediator's statement in an attempt to use settlement communications for

5

a strategic advantage in this litigation or any other improper purpose.

Rather, the statement by the mediator apparently reflected a misconception on the part of Plaintiffs about Simmers' relationship with a non-party entity, Aatria, LLC. (Id. at 5). Simmers is not — and never has been — an "employee, independent contractor, sole proprietor, officer, director, or partner of Aatria." (Id.). Because Simmers was aware that an unauthorized outside business relationship with Aatria could result in the termination of his registration with Plaintiff Calton & Associates, he was concerned by the mediator's comment regarding the existence of a relationship between himself and Aatria. (Id. at 5-6). Thus, his repetition of the mediator's statement in the September 5 email was merely a prelude to Simmers' clarification of his relationship with Aatria to two individuals who are associated to some extent with Calton & Associates: Sergio and Ericson.

The Court is disappointed that Simmers revealed the mediator's statement and believes that Simmers could have drafted the September 5 email differently. But, given Simmers' motive for sending the email, the Court cannot conclude that Simmers acted in bad faith when he referred to

the mediator's statement. Nor does this disclosure of a mediation communication lead the Court to believe that Simmers has violated the mediation privilege in other ways. Thus, there is no basis to authorize discovery to search for other violations.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs' Petition for Mandatory Remedies for Defendant's Violation of the Mediation Act (Doc. # 39) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 6th day of October, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE