UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CALTON & ASSOCIATES, INC.,
DWAYNE K. CALTON, individually
and as Trustee of the DWAYNE K.
CALTON TRUST, UTA 3/30/1989,
RANDALL L. CICCATI,
RAMESHWAR SINGH, DEREK J.
CALTON, LORETTA D. CALTON,
GEORGE G. HARRINGTON, JR., and
JILL M. CICCATI,

    Plaintiffs,

v.                                    Case No. 8:20-cv-851-T-33CPT

JOHN SIMMERS, individually and as
Trustee of the SIMMERS FAMILY
TRUST DATED 9/18/92,

    Defendant.

_____/

**ORDER**

This matter is before the Court on consideration of Plaintiffs' Motion to Compel Arbitration before the American Arbitration Association and Stay the FINRA Arbitration (Doc. # 35), filed on September 9, 2020. Defendant responded on September 22, 2020 (Doc. # 42). For the reasons detailed below, the Motion is granted in part.

1

**I.     Background**

The Court and the parties are familiar with the facts underlying this action, and thus the Court need not outline them again.

In December 2019, Simmers filed a thirteen-count complaint (the SOC) before FINRA against Dwayne Calton, both individually and as Trustee of his trust, Randall Ciccati, Jill Ciccati, Singh, Derek Calton, Loretta Calton, and Harrington. (Doc. # 1-1). Simmers brought claims related to the 2011 agreements, the 2012 MOU, the 2013 Binding Agreement, and the 2014 Stock Option Agreement. See (Id.).

On April 14, 2020, Plaintiffs CAA, Dwayne K. Calton, both individually and as Trustee of the Dwayne K. Calton Trust, Singh, Derek Calton, Loretta Calton, Harrington, Randall Ciccati, and Jill Ciccati filed this lawsuit seeking a declaratory judgment and injunctive relief against Simmers, individually and as Trustee of the Simmers Family Trust. (Doc. # 1). Specifically, Plaintiffs seek a declaratory judgment that Simmers' claims are not arbitrable before FINRA. (Doc. # 1 at ¶ 138, pp. 26-27). Plaintiffs also seek an injunction imposing a stay of the FINRA arbitration and preventing Simmers from pursuing any claims against Plaintiffs in the FINRA arbitration. (Id. at 27).

On May 22, 2020, Simmers filed a motion to compel arbitration and to dismiss or, in the alternative, stay case (Doc. # 19), seeking an order from this Court compelling arbitration of his claims before the FINRA dispute resolution forum and dismissing this case.

The Court denied that motion on August 17, 2020, because the AAA was the appropriate entity "to determine if FINRA rules and regulations supersede the parties' agreements" to arbitrate before the AAA. (Doc. # 33 at 16). The Court advised: "If Plaintiffs wish to file a motion to compel arbitration of this matter before the AAA, they should do so promptly." (Id. at 19).

Now, Plaintiffs seek to compel arbitration before the AAA and stay the FINRA action pending a determination by the AAA regarding whether the FINRA rules supersede. (Doc. # 35). The Motion is ripe for review.

## II. Discussion

The Court agrees with Plaintiffs that this case belongs before the AAA. The language in the arbitration clauses incorporating the commercial arbitration rules of the AAA clearly and unmistakably evidences the parties' intent that the AAA arbitrator rule on gateway issues of arbitrability.

And whether the arbitration should proceed with the AAA or with FINRA is a question of arbitrability.

Thus, the question of whether the FINRA rules supersede the agreements to arbitrate before the AAA (and thus the arbitration should occur before FINRA) must be answered by the AAA. See (Doc. # 33 at 16)("Viewing the clauses' broad language, inclusion of the AAA Commercial Rules, and the fact that the only entity mentioned in the arbitration clauses is the AAA, it is implicit in the parties' agreement that the AAA should be the entity to determine if FINRA rules and regulations supersede the parties' agreements."). Accordingly, as the Court explained in its prior Order, "the Court cannot grant much of the relief sought in Plaintiffs' complaint." (Id. at 20 n.3). Rather, that relief may only be granted by an arbitrator with the AAA.

In his response to the instant Motion to Compel Arbitration, Simmers essentially argues that the Court's August 17 Order was wrongly decided. (Doc. # 42). He asks the Court to direct a FINRA panel — rather than a AAA panel — to determine whether FINRA rules and regulations supersede any agreement to arbitrate before the AAA. (Id. at 2). According to Simmers, "the incorporation of the FINRA rules and regulations along with the provision that they will

'supersede' the selection of the AAA if they govern the dispute reflects the parties' intent to delegate questions regarding arbitrability to FINRA." (Id. at 5). He also emphasizes FINRA's "compelling interest in having its member firms as well as those firms' customers and associated persons arbitrate their claims in its own forum." (Id. at 4).

Simmers' argument is unpersuasive. The Court stands by its previous ruling that "the language in the arbitration clauses incorporating the commercial arbitration rules of the AAA clearly and unmistakably evidences the parties' intent that the [AAA] arbitrator rule on gateway issues of arbitrability." (Doc. # 33 at 14). Thus, the Court compels arbitration of this case before the AAA and will stay this case pending that arbitration. FINRA's interest in having cases subject to its rules be arbitrated before it is not impinged because the AAA arbitrator will compel arbitration before FINRA if FINRA rules do apply.

Plaintiffs also ask the Court to order a stay of the FINRA arbitration because Simmers initiated that proceeding even though the AAA has not yet determined whether FINRA is the proper arbitral forum. However, Plaintiffs cite no authority for the proposition that this Court may stay an arbitration pending before FINRA. Given that the case will

now proceed to arbitration before the AAA, the Court declines to order a stay of the FINRA arbitration. If they wish, Plaintiffs may seek this relief from the AAA arbitrator.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiffs' Motion to Compel Arbitration before the American Arbitration Association and Stay the FINRA Arbitration (Doc. # 35) is **GRANTED** in part.

(2) The Court compels the parties to arbitrate this case before the AAA. But the Court declines to stay the pending FINRA arbitration.

(3) The Clerk shall stay and administratively close the case.

(4) The parties are directed to file a joint status report in 90 days and every 90 days thereafter.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 6th day of October, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE